# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD JOE JELANI, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 09-CV-0343-CVE-FHM ) |
| GREG PROVINCE, Warden, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Donald Joe Jelani, a state prisoner appearing *pro se*. Respondent filed a response to the petition (Dkt. # 7), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 7, 8, and 9). Petitioner filed a reply (Dkt. # 10). For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

On March 12, 2005, at approximately 10 p.m., Petitioner Donald Joe Jelani fired two shots from a .357 magnum handgun resulting in the death of Noel Smith. Mr. Smith was engaged to be married to Nikita Jelani, Petitioner's ex-wife. Ms. Jelani was present at the time of the shooting. The shooting took place in a parking area of the Falls Apartments located in Tulsa County, Oklahoma. On March 13, 2005, Petitioner was taken into custody in Creek County, Oklahoma.

Based on his involvement in the shooting death of Noel Smith, Petitioner was charged with First Degree Murder in Tulsa County District Court, Case No. CF-2005-1167. On June 20-23, 2006, he was tried by a jury. The jury found Petitioner guilty of First Degree Murder and recommended a sentence of life with the possibility of parole. On July 17, 2006, the trial court judge sentenced

Petitioner in accordance with the jury's recommendation. Petitioner was represented during trial proceedings by attorney Carla Root.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Alecia Felton George, Petitioner raised the following propositions of error:

> Proposition 1: The State failed to prove beyond a reasonable doubt that Mr. Jelani was not acting in self-defense.
>
> Proposition 2: The trial court erred in denying Mr. Jelani's motion to suppress his audio-taped interview with police because the statements were not knowing and voluntary.
>
> Proposition 3: Defense counsel rendered ineffective assistance in failing to request a lesser included instruction on Manslaughter in the First Degree by Resisting Criminal Attempt.
>
> Proposition 4: The cumulative effect of the errors discussed above requires the reversal of Mr. Jelani's conviction.

See Dkt. # 7, Ex. 1. In an unpublished summary opinion filed January 9, 2008, in Case No. F-2006-796 (Dkt. # 7, Ex. 3), the OCCA rejected each claim and affirmed the Judgment and Sentence of the district court.

On December 22, 2008, Petitioner, appearing *pro se*, filed an application for post-conviction relief in the state district court. The state district court recognized six claims: (1) ineffective assistance of appellate counsel, (2) ineffective assistance of trial and appellate counsel, (3) ineffective assistance of appellate counsel for failure to properly investigate and argue readily available mitigating records that indicated the illegal arrest which brought forth illegally obtained statements and evidence of ineffective assistance of trial counsel, (4) ineffective assistance of appellate counsel for failing to properly raise prior inconsistent statements of material witness Chris Smith, (5) ineffective assistance of appellate counsel for failing to raise claim of prosecutorial

2

misconduct, and (6) cumulative error. See Dkt. # 7, Ex. 4. By order filed February 13, 2009, id., the state district court denied post-conviction relief. Petitioner appealed. By order filed May 20, 2009, in Case No. PC-2009-223, see Dkt. # 7, Ex. 6, the OCCA affirmed the denial of post-conviction relief.

On June 3, 2009, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies nine grounds for relief, as follows:

Ground 1: The State failed to prove beyond a reasonable doubt that Mr. Jelani was not acting in self-defense.

Ground 2: The trial court erred in denying Mr. Jelani's motion to suppress his audio-taped interview with police because the statements were not knowing and voluntary.

Ground 3: Defense counsel rendered ineffective assistance in failing to request a lesser included instruction on Manslaughter in the First Degree by Resisting Criminal Attempt.

Ground 4: As a result of petitioner's appellate counsel's failure to fully and properly address propositions of merit raised in ADVISORY PROPOSITIONS OF ERROR, without petitioner's consent, petitioner received ineffective assistance of appellate counsel.

Ground 5: As a result of appellate counsel's failure to properly address prosecution's use as evidence, knife found next to deceased's body, without having fingerprint forensically and DNA tested which undermined petitioner's claim of self-defense, and relieved the state of essential element of alleged crime, rendered petitioner's appellate counsel's performance deficient.

Ground 6: As a result of appellate counsel's failure to properly investigate and argue readily available mitigating records that indicated the illegal arrest which brought forth illegally obtained alleged statements and evidence of ineffective assistance of trial counsel, petitioner received ineffective assistance of appellate counsel.

Ground 7: As a result of appellate counsel's failure to properly raise prior inconsistent statements of material witness for prosecution Chris Smith, petitioner received ineffective assistance of appellate counsel.

3

Ground 8: As a result of appellate counsel's failure to raise issue of improper prosecutor misconduct on his direct appeal, petitioner received ineffective assistance of counsel.

Ground 9: The cumulative effect of the errors discussed above requires the reversal of Mr. Jelani's conviction and/or evidentiary hearing and a new trial.

See Dkt. # 1. In response to the petition, Respondent asserts that Petitioner's claims do not justify relief under 28 U.S.C. § 2254(d). See Dkt. # 7.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Upon review of the petition and the state court record, the Court finds that Petitioner has exhausted his state court remedies.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court

applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated Petitioner's grounds 1, 2, 3, and 9 on direct appeal. The OCCA adjudicated Petitioner's claims of ineffective assistance of appellate counsel, as raised in grounds 4, 5, 6, 7, and 8, on post-conviction appeal. Therefore, Petitioner's claims will be reviewed pursuant to § 2254(d).

**1. Insufficient evidence to rebut Petitioner's claim of self-defense**

In his first proposition of error, Petitioner claims that the State failed to prove he did not act in self-defense. On direct appeal, the OCCA rejected this claim as follows:

> The jury's verdict of malice aforethought murder is sufficient if the evidence, viewed in the light most favorable to the State, permits any rational trier of fact to find the essential elements of the charge beyond a reasonable doubt. *Easlick v. State*, 2004 OK CR 21, 90 P.3d 556. The direct and circumstantial evidence that Appellant intentionally killed an unarmed man in an unprovoked attack supports the jury's finding. 21 O.S., §§ 701.7(A), 702, 704. The State's evidence also disproved Appellant's claim of self-defense beyond a reasonable doubt. *Perez v. State*, 1990 OK CR 67, ¶¶ 5-8. 798 P.2d 639, 640-41.

(Dkt. # 7, Ex. 3).

In a habeas proceeding, we review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This standard of review respects the jury's responsibility to weigh the evidence and to

5

draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319.

Under Oklahoma law, when a defendant adequately raises self-defense at trial, the burden shifts to the state to prove the defendant did not act in self-defense. See Howell v. State, 882 P.2d 1086, 1092 (Okla. Crim. App. 1994). In this case, Petitioner's claim of self-defense was based on his own trial testimony and on the recovery of a small pocket knife found near the victim's body. However, he is not entitled to habeas relief on his claim that the state failed to prove he did not act in self-defense. The jury received instructions concerning Petitioner's defense of self-defense, see Dkt. # 9-6, O.R. at 137-144, Instruction Nos. 27-34. Nikita Noel-Smith, Petitioner's ex-wife, testified that she was standing in close proximity to Petitioner at the time of the shooting and saw him aim his gun before firing, see Dkt. # 9-4, Tr. Trans. Vol. III at 451, that he fired the gun a second time after the victim was down, id. at 452, and that the victim did not have a weapon, id. at 456. Chris Smith, the victim's brother, testified that the knife found near the victim's body was his and that he had dropped it after the shooting so that he could hold his brother. Id. at 480. He also testified that the victim never had the knife, id. at 481. Petitioner's son, DonMcQai Jelani, testified that after the shooting, he saw his dad standing near the front door of the apartment. Id. at 500-01. His dad asked, "was that him?" Id. at 501. Steven Douglas, a resident of the apartments where the shooting took place, testified that after the shooting, he watched the gunman walk slowly to his car, and, as he drove by, he pointed and said "bang, bang, mother fuckers" and "Jesus saves." See Dkt. # 9-3, Tr. Trans. Vol. II at 411. The jury also heard the audio tape of Detective Regalado's

6

interview of Petitioner,[1] conducted the day after the shooting. See Dkt. # 9-4, Tr. Trans. Vol. III at 584. Respondent asserts that in the interview, Petitioner admits shooting Noel Smith, states that he did not think Smith had anything in his hands, and never says he shot Smith in self-defense. See Dkt. # 7. Nothing in the record refutes Respondent's summary of the interview. The Court finds that the evidence was sufficient for a rational fact-finder to have found beyond a reasonable doubt that Petitioner did not act in self-defense and was guilty of First Degree Murder. Therefore, the Court concludes that the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has yet to decide whether sufficiency of the evidence on habeas review presents a question of law or fact).

2. **Voluntariness of confession**

As his second proposition of error, Petitioner alleges that his confession was not knowing and voluntary, and that, as a result, the trial court improperly denied his motion to suppress and admitted the confession into evidence. The OCCA reviewed the trial court's finding of

---

[1] Respondent attempted to provide a copy of Detective Regalado's audio taped interview of Petitioner for the Court's review, see Dkt. # 9, Ex. 7, but the copy of the tape provided to the Court is blank. Although this Court could have ordered Respondent to submit a different copy, it would have been an exercise in futility because Petitioner does not challenge the contents of the tape. Instead, he challenges the circumstances surrounding his confession. The state courts examined those circumstances and made a finding of fact that the confession was made voluntarily and knowingly. Under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the habeas petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner has presented no evidence to rebut the presumption of correctness applicable to the state courts' finding that his statement to Detective Regalado was made voluntarily and knowingly.

7

voluntariness only to determine whether the finding was supported by sufficient evidence. See Dkt. # 7, Ex. 3. In rejecting the claim, the OCCA found as follows:

> Appellant claims that his mental condition after the killing, evidenced primarily by facts suggesting Appellant was suicidal, precludes a finding of voluntariness. However, the totality of the circumstance, including the presence of *Miranda* warnings, Appellant's waiver of the *Miranda* rights, and Appellant's lucid and detailed statement during the police interview, refutes the claim that his "mental condition" precluded a free and voluntary confession.

(Dkt. # 7, Ex. 3).

Under the Due Process Clause a confession is involuntary "if the government's conduct causes the defendant's will to be overborne and his capacity for self-determination critically impaired." United States v. McCullah, 76 F.3d 1087, 1101 (10th Cir. 1996) (internal quotation marks omitted). Under Miranda,[2] waiver of the right to counsel and the right to remain silent must be knowing, voluntary and intelligent – "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception" and "made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." United States v. Brown, 287 F.3d 965, 973 (10th Cir. 2002). Both tests require a reviewing court to consider the totality of the circumstances, including the individual characteristics of the defendant. See McCullah, 76 F.3d at 1101; Brown, 287 F.3d at 973.

Nothing in the record indicates that Petitioner's confession was either coerced in violation of the Due Process Clause, or that his waiver of Miranda rights was not knowing, voluntary, and intelligent. Prior to admission of the audio taped interview, the trial court conducted a Jackson v.

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

Denno[3] hearing outside the presence of the jury. See Dkt. # 9-2, Tr. Trans. Vol. I at 9. Detective Regalado testified that he interviewed Petitioner at the Creek County Sheriff's Office, and that he did not appear to be under the influence of drugs or alcohol, he appeared to understand, and no threats or promises were made. Id. 12-13. Petitioner was advised of his Miranda rights and executed a written rights waiver. Id. at 13. He did not request an attorney and agreed to talk to the detective. Id. at 15.

Upon consideration of the record, including the transcript of the Jackson v. Denno hearing, the trial court's ruling at the end of the hearing, and the trial testimony of Detective Regalado, the Court finds that Petitioner understood and voluntarily waived his rights to counsel and to remain silent. There is no evidence of police coercion, trickery, or psychological pressure. The Court finds Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this claim.

### 3. Ineffective assistance of trial counsel

Next, Petitioner complains that trial counsel provided ineffective assistance in failing to request a lesser included offense instruction on First Degree Manslaughter While Resisting a Criminal Attempt.[4] On direct appeal, the OCCA denied relief, discussing Hancock v. State, 155 P.3d 796 (Okla. Crim. App. 2007), and finding that, as in Hancock, additional instruction on another

---

[3] Jackson v. Denno, 378 U.S. 368, 376 (1964) ("A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined.").

[4] First degree manslaughter by resisting criminal attempt is defined as a homicide perpetrated unnecessarily either while resisting an attempt by the person killed to commit a crime, or after such attempt shall have failed. See Okla. Stat. tit. 21, § 711(3) (2002).

9

form of manslaughter would not have changed the outcome of the trial. See Dkt. # 7, Ex. 3. The OCCA concluded that "[b]ecause the record shows Appellant suffered no prejudice from counsel's allegedly deficient performance, we dispose of the claim on this ground. *Phillips v. State*, 1999 OK CR 38, ¶ 103, 989 P.2d 1017, 1043." Id.

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

The Court agrees with the OCCA that Petitioner cannot satisfy the prejudice prong of the Strickland standard. The record reflects that trial counsel successfully obtained requested jury instructions on First Degree Manslaughter Heat of Passion. See Dkt. # 9-5, Tr. Trans. Vol. IV at 721-22; Dkt. # 9-6, O.R. at 145-150, Instruction Nos. 35-40. Even if trial counsel performed deficiently in failing to request that the jury be instructed on another form of manslaughter, Petitioner cannot show, in light of the jury having found him guilty of First Degree Murder, that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this claim.

### 4. Ineffective assistance of appellate counsel

In grounds 4-8 of his petition for writ of habeas corpus, Petitioner identifies five claims of ineffective assistance of appellate counsel. In his post-conviction petition in error, see Dkt. # 9, Ex. 5, Petitioner claimed that his appellate counsel provided ineffective assistance when she failed: to raise claims identified as "Advisory Propositions of Error," to challenge the prosecution's failure to have the knife checked for fingerprints or DNA evidence, to challenge the legality of Petitioner's arrest, to challenge inconsistent statements of Chris Smith, and to raise a claim of prosecutorial misconduct. On post-conviction appeal, the OCCA denied relief, stating as follows:

> To support a claim of ineffective appellate counsel, Petitioner must establish counsel's performance was deficient under prevailing professional norms and that but for the deficient performance the outcome of his appeal would have been different, or he must establish factual innocence. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674, 693, 698; *see also Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003). Many of Appellant's

> current propositions were adequately raised and addressed in his direct appeal. He has not established that the outcome of his appeal would have or should have been different. *Strickland*, *supra*.

(Dkt. # 7, Ex. 6).

Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of appellate counsel unless he demonstrates that the OCCA's decision to deny relief was an unreasonable application of Strickland. When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal." Neill, 278 F.3d at 1057 (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)). For the reasons discussed below, the Court finds Petitioner has failed to demonstrate entitlement to relief under 28 U.S.C. § 2254(d).

### a. failure to raise "advisory propositions of error"

In ground 4 of his habeas petition, Petitioner complains that appellate counsel refused to file his *pro se* brief or response brief despite his request for her to do so. In support of this claim, Petitioner refers to his application for post-conviction relief for a list of the allegedly omitted "advisory propositions of error." See Dkt. # 1. Although the application for post-conviction relief is not a part of the record before this Court, Respondent has provided Petitioner's post-conviction petition in error. See Dkt. # 7, Ex. 5. In proposition 1 of his supporting brief, Petitioner identified 13 claims waived by his appellate counsel. Claims 1-9 are merely listed and have no statements of supporting facts or legal authorities.[5] Claims 10 and 11 are raised as separate grounds of error in the habeas petition (grounds 5 and 7), and are discussed in Parts B(4)(b),(d), below. In claims 12 and 13, Petitioner makes the conclusory allegation that appellate counsel omitted meritorious claims. Although the Court is obligated to construe Petitioner's *pro se* petition liberally, the Court is not required to craft Petitioner's arguments for him where his allegations are merely conclusory and

---

[5]   The "advisory propositions of error" numbers 1-9, as identified in the brief in support of the post-conviction petition in error, are: (1) the trial court erred by failing to sustain the Defendant's Motion to Quash, (2) the trial court erred by allowing witness Donnie Jelani (son of defendant) to testify about alleged statements made by the defendant to son regarding defendant desiring to shoot his mother, (3) the trial court erred by not answering the question submitted by the jury regarding obtaining witnesses from out of state, (4) the trial court erred by failing to sustain the demurrer when the state had failed to prove premeditation, (5) the trial court erred in failing to give the prior inconsistent statement jury instructions on the witnesses Nikita Jelani, Donnie Jelani (defendant's son), Chris Smith, and Steven Douglas as requested, (6) the trial court erred when it gave the "flight" instruction when there was no evidence to support same, (7) the trial court erred by allowing the State to enter prejudicial non-probative crime scene/body photos, (8) the trial court erred when it required the defendant to testify before the witness establishing the telephone call about the house alarm was allowed to testify, and (9) Ms. Felton-George also improperly raised and addressed issue of trial court error of suppressing the defendant's statement which was in coerced fettered condition and was made under illegal arrest addressed in Proposition Three. See Dkt. # 7, Ex. 5.

without factual averments. United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). As a result of the conclusory nature of claims 1-9 and 12-13, the Court cannot find that appellate counsel was "objectively unreasonable" in failing to raise those omitted "advisory propositions of error." Furthermore, even if appellate counsel's performance was objectively unreasonable in failing to raise the claims, there is no likelihood that Petitioner would have prevailed on his appeal. Therefore, he is not entitled to habeas corpus relief on this part of his claim of ineffective assistance of appellate counsel.

### b. failure to challenge lack of forensic testing on the knife

In ground 5 of his habeas petition, Petitioner claims that appellate counsel provided ineffective assistance in failing to challenge as a separate proposition of error the lack of forensic testing conducted on the knife. This claim is without merit. First, the Supreme Court has explained that "the police do not have a constitutional duty to perform any particular tests." Arizona v. Youngblood, 488 U.S. 51, 59 (1988). Furthermore, Brady[6] and its progeny do not stand for the proposition that the prosecution must perform any forensic tests that may inure to the benefit of the accused. See United States v. Marrero, 904 F.2d 251, 261 (5th Cir. 1990) ("Brady . . . does not place any burden upon the Government to conduct a defendant's investigation or assist in the presentation of the defense's case."). In addition, trial counsel did not provide ineffective assistance of counsel in failing to have forensic tests conducted on the knife. Even if the victim's fingerprints and/or DNA had been found on the knife, the evidence would have shown that the victim touched or held

---

[6]     Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

the knife at some point in time but would not have proven that the victim held the knife at the time of the shooting. And had only Chris Smith's fingerprints or DNA been recovered, the self-defense argument would have been even less credible. As noted by defense counsel in her closing argument, Petitioner had no defense without the knife. See Dkt. # 9-5, Tr. Trans. Vol. IV at 761. Because the knife was not tested for fingerprints, defense counsel was able to argue that the prosecution did not have the knife tested because "they were going to be stuck with whatever those results were." Id. at 762. Therefore, as part of her closing argument, trial counsel implied that the prosecution purposefully chose not to have the knife tested. Petitioner has not demonstrated that either trial or appellate counsel performed deficiently in failing to challenge the lack of forensic testing on the knife. Because Petitioner has failed to satisfy the deficient performance prong of Strickland, he is not entitled to habeas corpus relief on this part of his claim of ineffective assistance of appellate counsel.

### c. failure to challenge legality of arrest

In ground 6, Petitioner asserts that appellate counsel provided ineffective assistance in failing to challenge the legality of his arrest. In support of this claim, Petitioner alleges that his arrest was illegal because the Creek County charge of felonious possession of a firearm was later dismissed. First, as noted by Respondent, the OCCA would have found this claim waived based on Petitioner's failure to challenge his arrest prior to entering his plea of not guilty. See Darks v. State, 954 P.2d 152, 158 (Okla. Crim. App. 1998) ("This Court has long held that failure to timely object to the legality of an arrest prior to entering a plea to the charges waives appellate review of the issue."); Clayton v. State, 840 P.2d 18, 28 (Okla. Crim. App. 1992). The Court further finds no basis for a claim of ineffective assistance of trial counsel for failure to challenge the arrest. Petitioner does not

15

claim that Creek County officials lacked probable cause to effect his arrest and nothing in the record suggests a lack of probable cause. Even if the Creek County charge was ultimately dismissed, that fact alone does not necessarily lead to the conclusion that the arrest giving rise to the charge was illegal. See, e.g., Moore v. Schuetzle, 2006 WL 3612857 (D. N.D. 2006) (unpublished). Lastly, even if Petitioner's allegation is true, an illegal arrest or detention does not void a subsequent conviction. Frisbie v. Collins, 342 U.S. 519, 522 (1952). Petitioner has failed to satisfy the deficient performance prong of Strickland as to trial or appellate counsels' performances. He is not entitled to habeas corpus relief on this claim of ineffective assistance of appellate counsel.

### d. failure to challenge inconsistent statements of Chris Smith

In ground 7, Petitioner claims that appellate counsel failed "to properly raise" a claim regarding the testimony of Chris Smith, the victim's brother. Petitioner claims that Mr. Smith's trial testimony conflicted with his statements given to police at the time of the shooting and that he "not only perjured himself on the witness stand under oath," but also obstructed justice. See Dkt. # 7, Ex. 5. The record reflects that during trial, the trial court allowed defense counsel to examine Chris Smith concerning the alleged inconsistencies in his statement to police and his trial testimony. Furthermore, outside the presence of the jury, the trial judge listened to the audio tape of Mr. Smith's interview and determined that there were no substantive inconsistencies. See Dkt. # 9-4, Tr. Trans. Vol. III at 491. Defense counsel agreed with the trial judge's determination. Appellate counsel did not perform deficiently in failing to raise this claim because the record simply does not support Petitioner's contention that Mr. Smith's trial testimony was inconsistent with the statement given to police. As a result, the claim lacks merit. Because he has failed to satisfy the deficient

16

performance prong of Strickland, he is not entitled to habeas corpus relief on this part of his claim of ineffective assistance of appellate counsel.

### e. failure to raise claim of prosecutorial misconduct

As his eighth proposition of error, Petitioner alleges that appellate counsel provided ineffective assistance in failing to argue prosecutorial misconduct. He claims that the prosecutor improperly bolstered the credibility of Nikita Noel-Smith, improperly commented on the fact that defense witness Tommy Jeffery was in a wheelchair, suppressed evidence concerning the knife in violation of Brady, and allowed the testimony of Chris Smith to go uncorrected. The Court has carefully reviewed the trial record and finds that the identified comments were either not improper or isolated and did not rise to the level of plain error. See Wackerly v. State, 12 P.3d 1, 15 (Okla. Crim. App. 2000). In addition, Petitioner's claim regarding the knife does not concern evidence allegedly not disclosed by the prosecution. As a result, Brady is not implicated. Also, as discussed above, the testimony of Chris Smith was challenged and no inconsistencies were identified. Therefore, the underlying claims of prosecutorial misconduct lack merit and appellate counsel did not perform deficiently in failing to raise the claim on direct appeal. Because Petitioner has failed to satisfy the deficient performance prong of Strickland, he is not entitled to habeas corpus relief on this part of his claim of ineffective assistance of appellate counsel.

In summary, the Court cannot find that appellate counsel was "objectively unreasonable" in failing to raise the omitted claims. Furthermore, even if appellate counsel's performance was objectively unreasonable, there is no likelihood that Petitioner would have prevailed on his appeal. Petitioner has failed to demonstrate that the OCCA's adjudication of his claim of ineffective

assistance of appellate counsel was an unreasonable application of Strickland. He is not entitled to habeas corpus relief on this claim.

### 5. Cumulative error

As his ninth proposition of error, Petitioner claims that he is entitled to a new trial based on cumulative error. The OCCA rejected this claim on direct appeal, finding that Petitioner's request for relief is "foreclosed by the preceding discussion." See Dkt. # 7, Ex. 3.

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that individually might be harmless [and therefore insufficient to require reversal], and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." United States v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000) (quotation omitted). Cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having found no error in this case, the Court finds no basis for a cumulative error analysis. Therefore, Petitioner has failed to demonstrate that the OCCA's rejection of this claim is contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this ground.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

18

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**. The Clerk shall send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals as it relates to Tenth Circuit Case No. 11-5006.

**DATED** this 26th day of January, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT